367 P.2d 860

**UTAH POULTRY & FARMERS COOPERATIVE, Plaintiff & Respondent,**

**v.**

**H. J. BONIE, dba H. J. Bonie Poultry Company, Defendant and Appellant.**

**No. 9479.**

Supreme Court of Utah.

Jan. 10, 1962.

Richard L. Stine, Ogden, for appellant.

Irwin Clawson, Salt Lake City, for respondent.

CALLISTER, Justice.

On March 7, 1961 plaintiff secured a money judgment against the defendant. Subsequently, on March 15, 1961, the plaintiff caused to be served on the defendant an order requiring him to appear in court to be examined concerning his property and restraining him from disposing of any of his assets pending the hearing.[1] Several hearings were had at which the defendant was questioned with regard to his assets and financial transactions. At the conclusion of these hearings, the lower court made findings to the effect that the defendant, at the time he was served with the restraining order, had in his possession a sum of money in excess of $29,000.00 and thereupon entered an order requiring the defendant to "turn over" to plaintiff sufficient monies to satisfy the judgment.[2]

From this last-mentioned order the defendant appeals, contending that the evidence is insufficient to justify the issuance of the order. He correctly contends that such an order should not be made unless the evidence is clear and convincing that the judgment debtor can comply with it. Was the evidence adduced at the hearing sufficient to support the finding of the lower court that the defendant owned and possessed a sum in excess of $29,000.00? We think that it was. The record is replete with equivocations, evasions and inconsistencies upon the part of the defendant. However, it was established that on March 13, 1961, six days after entry of the judgment, the defendant withdrew approximately $30,000.00 from various accounts he had with a savings and loan institution in Pocatello, Idaho. This money had been on deposit since July, 1960. All of this, etc. was established by admissions of the defendant.

Absent a satisfactory explanation to the contrary it may be presumed that the defendant's possession of the money continued from the time he withdrew it until he was served two days later with the restraining order.[3]

According to the defendant, he returned to Ogden, Utah after withdrawing the money and then proceeded to Elko, Nevada where he gambled and lost the $30,000.00 in a period from 7:00 P.M., March 13, 1961 to 4:00 A.M. March 14, 1961. At the hearings he claimed that he had no money or property in his possession except $8.00 in cash and a social security check in the amount of $78.00.

The story of the gambling loss was not verified by any other witness although, according to his own admission, the defendant went to Elko with a group of twenty-eight men from Ogden.

1. Rule 69(k), U.C.R.P. provides for such procedure.
2. Such an order is authorized by rule 69 (o), U.C.R.P.

3. See 6 Am.Jur. Bankruptcy, Sec. 1134, P. 1229.

The trial judge, with ample justification, did not see fit nor was he obliged to believe the defendant's incredible tale.[4]

Affirmed. Costs to plaintiff.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

4. See Annotation in 92 L.Ed. 548.